FILED
1/11/18 9:39 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:
James Redmond Shields, III

Debtor

Ronda J. Winnecour, Chapter 13 Trustee
Movant(s)

Vs.
James Redmond Shields, III

Respondent

Case No. 14-11217TPA

Chapter 13

Doc # 85

***ORDER***

AND NOW, this 10th day of January, 2018, the Court having considered the Chapter 13 Trustee's certification (or request) for dismissal, and any responses thereto, the following relief (as reflected by the checked boxes below) is ***ORDERED, ADJUDGED and DECREED:***

☐ This case is ***DISMISSED***, with prejudice. The Debtor(s) is/are ineligible for bankruptcy relief under any chapter for a period of 180 days from the date of this Order.

☐ This case is ***DISMISSED***, without prejudice.

If either of the above provisions is checked, indicating that this case is being dismissed, then t is ***FURTHER ORDERED*** as follows:

A. Each wage attachment issued in this case is now terminated. So that each employer knows to stop the wage attachment, the Debtor(s) shall immediately serve a copy of this Order on each employer and file a proof of service within 10 days of the date of this Order.

B. This case is administratively closed. However, the Court retains jurisdiction over the Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of UST Form 13-FR-S: Chapter 13 Standing Trustee's Final Report and Account, the Trustee is discharged from her duties in this case and this case will be closed without further Order of Court.

C. The Clerk shall give notice to all creditors of this dismissal.

D. Any motion to reopen must be accompanied by the appropriate reopening fee, equal to the filing fee for the appropriate chapter (less administrative fee), together with the unpaid $ ______ portion of the original filing fee,

E. The Debtor remains legally liable for all debts as if the bankruptcy petition had not been filed. This bankruptcy case no longer prevents collection efforts or lawsuits. Creditor collection remedies are reinstated pursuant to 11 U.S.C. Section 349, and creditors are directed to 11 U.S.C. Section 108(c) for time limits on filing a lawsuit to collect. Generally, a creditor's lawsuit must be filed by the later of:

(1) the time deadline provided by state law; or

(2) 30 days after the date of this notice.

☐ The case is not dismissed. The plan term is extended to a total of 42 months; the monthly plan payment ~~amount is changed to \$________ effective~~ ________. remains the same.

☐ This is not dismissed at this time. However, in the event of any future plan default by the Debtor(s), then on the Trustee's certificate of default, this case shall be dismissed ____WITH / ____ WITHOUT prejudice, without further notice or hearing.

☐ Continued, generally to ____________________ (date)

____ Conciliation in the Office of the Ch. 13 Trustee, Ste. 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219

____ Courtroom C, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219

____ Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501

☐ The Debtor(s) is to take over long term continuing debt payments beginning with the payment.

☐ The total due by the Debtor to complete the Plan is $ approx $4,000

☐ The case is dismissed without further notice or order unless the remaining \$________ due on the Plan base is paid on or before ________________.

☒ The Oral Motion by the Trustee to withdraw the *Motion to Dismiss* is GRANTED.

☐ Other:

Dated: 1/10/18

Thomas P. Agresti, Judge
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:
James Redmond Shields, III
Debtor

Case No. 14-11217-TPA
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-1 User: mgut Page 1 of 1 Date Rcvd: Jan 11, 2018
Form ID: pdf900 Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 13, 2018.
db +James Redmond Shields, III, 872 Liberty Street, Meadville, PA 16335-2650

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2018 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 11, 2018 at the address(es) listed below:

Andrew F Gornall on behalf of Creditor GOLDMAN SACHS MORTGAGE COMPANY agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
Andrew John Marley on behalf of Creditor Goldman Sachs Mortgage Company amarley@sterneisenberg.com, ckohn@sterneisenberg.com
Daniel P. Foster on behalf of Plaintiff James Redmond Shields, III dan@mrdebtbuster.com, clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
Daniel P. Foster on behalf of Debtor James Redmond Shields, III dan@mrdebtbuster.com, clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
James Warmbrodt on behalf of Creditor GOLDMAN SACHS MORTGAGE COMPANY bkgroup@kmllawgroup.com
James Warmbrodt on behalf of Creditor Ocwen Loan Servicing, LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholder bkgroup@kmllawgroup.com
Jeremy J. Kobeski on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York As Successor, et. al. pawb@fedphe.com
Jerome B. Blank on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York As Successor, et. al. pawb@fedphe.com
Office of the United States Trustee ustpregion03.pi.ecf@usdoj.gov
Ronda J. Winnecour cmecf@chapter13trusteewdpa.com
Sherri J. Braunstein on behalf of Creditor Ocwen Loan Servicing, LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholder pawb@fedphe.com, sherri.braunstein@phelanhallinan.com
Stuart P. Winneg on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee swinneg@udren.com, cblack@udren.com
Thomas Song on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York As Successor, et. al. pawb@fedphe.com

TOTAL: 13